## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAYLOR ENERGY COMPANY LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | No. 09-1029 (ESH) |
| ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| THE INTERIOR, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS' ANSWER

Defendants the United States Department of the Interior, the Department of Interior's Minerals Management Service, and Lars Herbst (collectively "defendants") hereby answer the Complaint of plaintiff Taylor Energy Company LLC ("plaintiff"), and respond to the numbered paragraphs of plaintiff's Complaint as follows:

1. The first sentence of this paragraph contains plaintiff's characterization of the nature of plaintiff's action to which no response is required. As to the remaining allegations in the paragraph, defendants admit that by letter dated May 18, 2009, Regional Director Lar Herbst of the Minerals Management Service ("MMS") informed counsel for plaintiff of his decision to release in their entirety the documents at issue in plaintiff's Complaint. The remaining allegations of Paragraph 1 contain plaintiff's characterization of the contents of that letter; defendants respond that the letter is the best evidence of its contents, and deny all allegations that are inconsistent with the text of the letter.

2. This paragraph contains plaintiff's characterization of the nature of plaintiff's action to which no response is required. To the extent a further response is deemed necessary, defendants deny Paragraph 2.

3. As to the first sentence of this paragraph, defendants admit that the Department of Interior has determined that the disbursement cover letter dated April 6, 2009, may be released in its entirety, but deny the balance of the allegations in that sentence. The remainder of the paragraph is a statement of plaintiff's concern based on plaintiff's information and belief to which no response is necessary. To the extent a further response is deemed necessary, defendants deny the remaining allegations of Paragraph 3.

4. This paragraph contains legal conclusions and recitations of statutes, to which no response is required. Defendants deny the factual allegations in the last two sentences of paragraph 4, and further respond that no response is required to the legal conclusions stated in those two sentences. To the extent a further response is deemed necessary, defendants deny the allegations of Paragraph 4.

5. This paragraph contains plaintiff's prayer for relief to which no response is required. Defendants deny that plaintiff is entitled to the relief requested or any relief whatsoever.

6.-7. These paragraphs concern a motion that plaintiff alleges it will file with the Court in the future, to which no response is required. To the extent a further response is required, defendants state that they lack information sufficient to admit or deny the truthfulness of the allegations in Paragraphs 6 and 7, and therefore deny them.

8.-9. These paragraphs set forth plaintiff's assertion of jurisdiction and venue and thus is a legal conclusion to which no response is required.

10. Admit.

11. Defendants are without knowledge or information sufficient to confirm or deny the allegations in this paragraph, and therefore deny them.

12. This paragraph contains legal conclusions and recitations of statutes, to which no response is required.  Defendants admit the remaining factual allegations in this paragraph.

13. This paragraph concerns the style of plaintiff's pleading to which no response is necessary.

14. This paragraph contains plaintiff's characterization of the law to which no response is necessary.  Defendants respectfully refer the Court to the relevant statutory provisions for a true and accurate statement of their requirements, and deny all inconsistent allegations.

15. This paragraph contains plaintiff's characterization of the law to which no response is necessary.  Defendants respectfully refer the Court to the relevant statutory provisions for a true and accurate statement of their requirements, and deny all inconsistent allegations.

16. This paragraph contains plaintiff's characterization of the law to which no response is necessary.  Defendants respectfully refer the Court to the relevant provisions of the Freedom of Information Act and the Trade Secrets Act for a true and accurate statement of their requirements, and deny all inconsistent allegations.

17. This paragraph contains plaintiff's characterization of the law to which no response is necessary.  Defendants respectfully refer the Court to the relevant provisions of the Freedom of Information Act for a true and accurate statement of their requirements, and deny all inconsistent allegations.

18. This paragraph contains plaintiff's characterization of the law to which no response is necessary. To the extent a further response is deemed necessary, Defendants deny Paragraph 18.

19. Defendants admit the factual allegations in the first three sentences of this paragraph. The fourth sentence consists of a legal conclusion to which no response is necessary. Defendants are without knowledge or information sufficient to confirm or deny the facts alleged in the last sentence of this paragraph, and therefore deny that sentence.

20. As to the first sentence of this paragraph, defendants admit that the Department of Interior entered into a Trust Agreement with plaintiff on or about March 19, 2008, the purpose of which is set forth therein. Defendants are without knowledge or information to confirm or deny the allegations in the second sentence of this paragraph. The third and forth sentences are plaintiff's characterization of the Trust Agreement, which speaks for itself; defendants deny any allegations regarding the Trust Agreement which are inconsistent with its contents. Defendants admit the allegations in the fifth sentence. Defendants are without knowledge or information to confirm or deny the remaining allegations in this paragraph, and therefore deny them.

21. As to the first sentence of this paragraph, defendants admit that the Department of Interior entered into a Disbursement Agreement with plaintiff on or about November 20, 2008, the purpose of which is set forth therein. The second sentence is plaintiff's characterization of the Disbursement Agreement, which speaks for itself; defendants deny any allegations regarding the Disbursement Agreement which are inconsistent with its contents.

22. Defendants admit that as of the filing date of plaintiff's Complaint it has received disbursement requests from plaintiff dated November 24 and December 1, 2008, January 20,

April 6, and May 4, 2009, to which cover letters and other documents were attached. The balance of the paragraph consists of plaintiff's characterization of the content of those materials and of plaintiff's lawsuit to which no response is necessary. To the extent a further response is deemed necessary, defendants respond that the letters and documents are the best evidence of their contents, and deny all allegations inconsistent with the text of those materials.

23. As to the first and second sentences of this paragraph, defendants admit that the Department of Interior entered into an agreement with BP Exploration and Production, Inc. on June 20, 2008, the terms of which are set forth therein. Defendants further respond that the agreement is the best evidence of its contents, and deny all allegations inconsistent with the text of the agreement. Defendants are without knowledge or information to confirm or deny the allegations in the third and forth sentences, and therefore deny them.

24. Admit.

25. Admit.

26. Defendants are without knowledge or information to confirm or deny the allegations in this paragraph, and therefore deny them.

27. Defendants deny the allegations in this paragraph and affirmatively state that between July 2008 and September 2008 the parties communicated about disclosure of the Draft Work Plan to BP.

28. Admit.

29. Defendants admit that the Department of Interior sent plaintiff's counsel a letter dated February 2, 2009, the content of which speaks for itself. Defendants deny all allegations inconsistent with the text of the letter.

30. Defendants admit that the Department of Interior received a letter from plaintiff's counsel dated March 11, 2009, the content of which speaks for itself. Defendants deny all allegations inconsistent with the text of the letter.

31. Defendants admit that the Department of Interior sent to plaintiff's counsel a letter dated May 18, 2009, the content of which speaks for itself. Defendants deny all allegations inconsistent with the text of the letter.

32. The meaning of the allegation in this paragraph is ambiguous and therefore it is denied.

33. Defendants are without knowledge or information to confirm or deny the allegations in the first sentence of this paragraph, and therefore deny them. Defendants admit the allegations in the balance of the paragraph.

34. Defendants deny the allegations in this paragraph and affirmatively state that by letter dated May 18, 2009, defendants invited plaintiff to substantiate its confidentiality claim.

35. Deny.

36. Defendants deny the allegations in this paragraph and affirmatively state that the March 11, 2009 letter from plaintiff and the agreement with BP speak for themselves.

37. This paragraph consists of plaintiff's characterization of the scope of this lawsuit to which no response is necessary.

38. Admit.

39. To the extent plaintiff re-alleges and incorporates all preceding paragraphs, defendants refer the Court to its response to those specific preceding paragraphs.

40. This paragraph contains a legal conclusion to which no response is necessary. Nonetheless, defendants admit that plaintiff has exhausted its administrative remedies.

41. The first sentence states a legal conclusion to which no response is required. To the extent a further response is deemed necessary, defendants deny that the specific disbursement request dollar amounts referenced by plaintiff fall within Exemption 4 of the Freedom of Information Act. Defendants are without knowledge or information to confirm or deny the allegations in the second sentence of this paragraph, and therefore deny them.

42. Denied.

43. This paragraph states a legal conclusion to which no response is required. To the extent a further response is deemed necessary, defendants deny Paragraph 43.

44. Defendants deny the allegations in the first and second sentences of this paragraph and affirmatively state that the terms of the agreement between defendants and BP speak for themselves. Defendants deny the remaining allegations of this paragraph and affirmatively state that the documents at issue are subject to disclosure under the Freedom of Information Act.

45. The meaning of the allegation in this paragraph is ambiguous and therefore denied.

46. The meaning of the allegation in this paragraph is ambiguous and therefore denied.

47. Denied.

48. To the extent plaintiff re-alleges and incorporates all preceding paragraphs, defendants refer the Court to its response to those specific preceding paragraphs.

49. The first sentence is a legal conclusion to which no response is necessary. Defendants admit the allegation of the second sentence.

50. This paragraph consists of a legal conclusion to which no response is necessary. To the extent a further response is deemed necessary, defendants refer the Court to the Freedom of Information Act and the Trade Secrets Act and deny all inconsistent allegations.

51. Denied.

52. Defendants deny the allegations in this paragraph, note that many of the allegations are vague, speculative and misleading, and affirmatively state that the information at issue in the Complaint is not protected from disclosure by Exemption 4 of the Freedom of Information Act or by the Trade Secrets Act.

54. The meaning of the allegation in the first sentence of this paragraph is ambiguous and therefore denied. The allegations of the second sentence are denied.

The balance of the Complaint consists of plaintiff's prayer for relief to which no response is necessary. Defendants deny that plaintiff is entitled to the relief requested, or any relief whatsoever.

Defendants hereby deny all allegations not expressly admitted or denied.

THEREFORE, having answered fully, defendants assert that plaintiff is not entitled to the relief requested, or any relief whatsoever.

Dated: August 5, 2009

    /s/
CHANNING D. PHILLIPS, D.C. BAR #415793
Acting United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

         /s/
_____
ROBIN M. MERIWEATHER, D.C. BAR # 490114
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W., Rm. E4911
Washington, D.C.  20530
Ph:  (202) 514-7198 Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov